1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES SANDFORD,                         No.  2:24-cv-03343-DAD-CKD (PS)

12                   Plaintiff,               ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS AND DISMISSING
13         v.                                 PLAINTIFF'S FIRST AMENDED
                                              COMPLAINT WITHOUT LEAVE TO
14    TERRANOVA, et al.,                      AMEND

15                   Defendants.              (Doc. No. 14)

16

17

18         Plaintiff James Sandford, proceeding *pro se*, initiated this civil action on December 2,

19    2024.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28

20    U.S.C. § 636 (b)(1)(B) and Local Rule 302.

21         On February 6, 2025, the assigned magistrate judge issued findings and recommendations

22    recommending that plaintiff's first amended complaint be dismissed without leave to amend due

23    to lack of subject matter jurisdiction.  (Doc. No. 14 at 3.)  In particular, the magistrate judge

24    determined that plaintiff appeared to be seeking review of a state court judgment that this court

25    cannot exercise jurisdiction over pursuant to the *Rooker-Feldman* doctrine.  (*Id.*)  The magistrate

26    judge further determined that plaintiff's claim on infliction of emotional distress was based solely

27    on state law and that this court lacked subject matter jurisdiction.  (*Id.*)  The magistrate judge

28    concluded that these jurisdictional and pleading deficiencies were not curable by amendment.

1

1    (*Id.* at 3–4.)  The findings and recommendations were served upon plaintiff and contained notice

2    that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 4.)  On

3    February 11, 2025, plaintiff timely filed his objections to the pending findings and

4    recommendations.

5         In his objections, plaintiff reiterates various allegations made in his first amended

6    complaint, makes a baseless and frivolous assertion of judicial bias, and argues that his

7    conclusory allegations suffice to state a federal claim pursuant to 42 U.S.C. § 1983.  (Doc. No. 15

8    at 3–5.)  However, none of these arguments address the basis upon which the assigned magistrate

9    judge recommended dismissal, namely this court's lack of subject matter jurisdiction over

10   plaintiff's claims.  Plaintiff appears to argue that this court can overlook its own lack of

11   jurisdiction.  (*Id.* at 4.)  However, "[t]he requirement that jurisdiction be established as a threshold

12   matter is inflexible and without exception; for jurisdiction is power to declare the law, and

13   without jurisdiction the court cannot proceed at all in any cause."  *Corral v. Select Portfolio*

14   *Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (alteration in original) (internal quotation marks

15   omitted) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).  Plaintiff's

16   objections therefore do not provide any basis upon which to reject the pending findings and

17   recommendations.[1]

18        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

19   *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's

20   objections, the court concludes that the findings and recommendations are supported by the

21   record and by proper analysis.

22   /////

23   _____

24   [1]  The court also notes that plaintiff appears to have filed a second amended complaint without
     first obtaining leave from the court to do so.  (Doc. No. 16.)  The undersigned has reviewed that

25   second amended complaint and determined that it does not remedy the jurisdictional defects that
     the findings and recommendations issued identified in plaintiff's first amended complaint.  (*See,*

26   *e.g.,* Doc. No. 16 at 4) (alleging plaintiff and defendants as being citizens of the same state); (*Id.*
     at 11) (appearing to seek relief on the basis of alleged defects in state court proceedings).  The

27   court therefore finds that the allegations in plaintiff's second amended complaint, if construed as
     supplemental objections, also do not provide any basis upon which to reject the pending findings

28   and recommendations.

1      Accordingly,

2      1.     The findings and recommendations issued on February 6, 2025 (Doc. No. 14) are

3          adopted in full;

4      2.     Plaintiff's first amended complaint is dismissed, without leave to amend; and,

5      3.     The Clerk of the Court is directed to close this case.

6      IT IS SO ORDERED.

7  Dated:   **April 29, 2025**

8                          DALE A. DROZD

9                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28